BEER, Judge
(dissenting).
I respectfully dissent.
I agree with the majority’s finding that there were elements of coercion in Mrs. Clay’s execution of the property settlement and power of attorney. This finding, in my opinion, shifted the burden to appellee, Mr. Clay, to prove that the documents (particularly the power of attorney) were later ratified. I do not agree that a showing of Mrs. Clay’s “inaction” after her then attorney was made aware of the execution of the documents[1] is sufficient proof of ratification.
The majority acknowledges the “questionable circumstances” under which the signing took place. I do not feel that this cloud can, in the circumstances of this case, be removed by “inaction” alone.
I take no issue with the obvious fact that “quickie” divorces can be obtained in Nevada. But I do feel strongly that there should be strict adherence to all existent requirements when this procedure is followed. In this case Mrs. Clay was, for all intents and purposes, duped into signing the letter to “Herman M. Adams, or nominee” and the record contains no satisfactory affirmative proof of any subsequent action sufficient to erase this original stigma.
’ Thus, I conclude that Mrs. Clay was unrepresented in the Nevada proceeding which is, therefore, null and without binding effect.
Accordingly, I respectfully dissent being of the view that the judgment appealed from should be reversed and the exceptions overruled.

. The record is not as clear as one would hope it would be on this issue. The attorney saw a copy of the property settlement document (which does refer to the power of attorney) but did not, apparently, see the power of attorney document.